## REPUBLIC INS. CO. v. HUNTLEY et al.
### No. 4011.

Court of Civil Appeals of Texas. Texarkana.
May 22, 1931.

Rehearing Denied June 4, 1931.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellant.

Wynne & Wynne and A. L. Tisdale, all of Wills Point, for appellees.

SELLERS, J.

The suit was instituted in the district court of Van Zandt county, Tex., by the appellant, Republic Insurance Company, against S. C. Huntley, J. Mike Brown, J. G. Pitts, and W. W. Gibbard upon a vendor's lien note executed by J. Mike Brown in part payment for a certain 80-acre tract of land purchased by J. Mike Brown from S. C. Huntley. The note, however, was made payable to John E. Owens and W. R. Howell, they having furnished Brown $3,500 to apply on the purchase price of said land. On the same date the note was executed, J. Mike Brown also executed to John E. Owens and W. R. Howell a deed of trust securing the same note. About two years after the note had been executed, John E. Owens and W. R. Howell sold said note and both of the liens securing the same to the appellant. W. W. Gibbard negotiated the sale of this note between Owens and Howell to appellant, and appellant agreed to pay Owens one-tenth of the annual interest accruing on the note for his services. Appellant owned the note and the lien securing the same at all times after the purchase of the same until this suit was instituted. Some time after appellant purchased this note, W. W. Gibbard, without any authority from the appellant, caused a substitute trustee to be appointed on the deed of trust securing the note, and said substitute trustee so appointed, without the authority of appellant and without the request of appellant or any one authorized to act for it, sold the land securing the note owned by appellant under a trustee's sale to W. W. Gibbard, and thereafter W. W. Gibbard conveyed the land to J. G. Pitts and, as a part of the consideration, J. G. Pitts assumed the payment of the $3,500 vendor's lien note owned by appellant and here sued upon.

The appellant, after pleading a cause of action upon the note and for the foreclosure of its vendor's lien securing the same, further pleaded with reference to the appointment of a substitute trustee by W. W. Gibbard, who was doing business under the firm name of Gibbard Investment Company, and the sale by W. W. Gibbard to J. G. Pitts, as follows:

"That on or about April 9, 1923, the defendant Gibbard Investment Company, by its instrument in writing recorded in Vol. 157, page 64, of the Deed Records of Van Zandt County, Texas, without authority from this plaintiff, appointed defendant Ernest Gibbard substitute trustee to act under said deed of trust owned by this plaintiff, and that on or about May 1, 1923, defendant Ernest Gibbard, the substitute trustee appointed in the manner aforesaid, proceeded to sell said premises at trustee's sale, and purported to sell same to the defendant Gibbard Investment Company for the sum of $379.60 cash, as shown by trustee's deed executed by Ernest Gibbard and recorded in Vol. 157, pp. 65, 66 of the Deed Records of Van Zandt County, Texas, but that this sale was void and of no effect.

"Plaintiff would show that on or about the 18th day of November 1927, the Gibbard Investment Company, by its deed, recorded in Vol. 177, p. 264 of the Deed Records of Van Zandt County, Texas, purported to convey the said premises to the defendant J. G. Pitts; that the consideration for said conveyance was $900.00 cash, the assumption of the said $3500.00 note held by this plaintiff, and the execution and delivery of a promissory vendor's lien note for $400.00 made by J. G. Pitts and payable to the defendant Gibbard Investment Company or order; that said note is more particularly described in the Deed of Trust securing same delivered to the defendant Gibbard Investment Company by said defendant J. G. Pitts and recorded in Vol. 44, p. 431 of the Deed of Trust records of Van Zandt County, Texas, that said purported sale above described was void and of no effect but if it should be held a valid sale, the said vendor's lien note and deed of trust lien securing same are secondary and inferior to plaintiff's note and lien, and that by the terms of said conveyance from the defendant Gibbard Investment Company to the defendant J. G. Pitts the said J. G. Pitts assumed and promised to pay to plaintiff said $3500.00 note according to the terms thereof."

The only pleadings of the defendant J. G. Pitts was a general demurrer and a general denial. The court, after hearing the evidence, entered judgment for the appellant, foreclosing his vendor's lien note against all of defendants, but denying appellant a personal judgment against any of the defendants, and the only complaint on this appeal is the refusal of the court under the facts above set out and the pleadings of appellant to grant it

a personal judgment against the defendant J. G. Pitts.

The liability of J. G. Pitts for the payment of the note sued upon is predicated upon his assuming to pay the note of appellant in the deed from W. W. Gibbard to himself. The evidence offered was uncontradicted and showed beyond any question that the trustee's sale to Gibbard was void for the reason that the appellant at the time of the sale was the owner of both the note and of the deed of trust securing the same, which the trustee, without any authority from appellant, but acting upon instructions from W. W. Gibbard, undertook to foreclose. This being true, W. W. Gibbard got no title by virtue of the trustee's sale, and, therefore, could not convey any title to J. G. Pitts. If, then, Pitts received nothing by virtue of the deed to him by W. W. Gibbard, certainly his assumption of appellant's note was without consideration and no recovery could be had against him by appellant upon such assumption; but appellant insists appellee's having failed to plead the failure of consideration, the court should have entered a personal judgment for the appellant. This would be true but for the pleadings of appellant above set out, and in determining the correctness of the trial court's judgment, we are required to look to all of the pleadings, and in doing so we have concluded that the trial court's refusal to enter personal judgment against the defendant J. G. Pitts was supported by the pleadings of the appellant and the uncontradicted evidence offered upon the trial of the case.

The judgment of the trial court is affirmed.